UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ULRIKE FESSELER VON STARGARD,

    Plaintiff,

vs.

THE AMERICAN LANGUAGE KOLLEGE,
INC., a Florida for profit corporation;
and DESMOND LEVIN, individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff ULRIKE FESSELER VON STARGARD, through undersigned counsel, sues Defendants THE AMERICAN LANGUAGE KOLLEGE, INC., a Florida for profit corporation ("TALK"), and DESMOND LEVIN, individually ("LEVIN"), and alleges as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff at all relevant times was, and still is, a resident of Hollywood, Broward County, Florida, and is *sui juris*.

5. Defendant TALK is, and at all relevant times was, a Florida for profit corporation doing business in Broward and Miami-Dade Counties, Florida. TALK is, and at all relevant times was, a language school teaching the English language to foreign nationals and students that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. Upon information and belief Defendant LEVIN is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, LEVIN was and still is an owner, operator, and manager of TALK, was and still is an agent of TALK, acted in the course and scope of his employment and agency as owner, operator, and manager of TALK with regard to Plaintiff, and oversaw, supervised, and controlled the day-to-day financial and administrative operations of TALK.

7. At all relevant times TALK was an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00. In addition, LEVIN was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of TALK in relation to Plaintiff, and regularly exercised authority to hire and fire employees of TALK, determined the work hours and schedules of employees of TALK, set the rates of pay and compensation for employees of TALK, controlled the finances and operations of TALK, and oversaw, supervised, and controlled the day-to-day operations of TALK.

8. At all times during her employment with Defendants, from in or about March 2012 through November 14, 2014, Plaintiff was a non-exempt employee who regularly worked over 40 hours in one or more work weeks.

9. Plaintiff was employed by Defendants as an English language instructor until November 14, 2014, when her employment was involuntarily terminated. Throughout her employment, Plaintiff was paid at a regular hourly rate of $20.00. Beginning in November 2013 and continuing until the date of her termination, Plaintiff worked a total of 119.5 overtime hours for which she was not paid any compensation. Plaintiff thus at the time of her termination was owed a total of $3,585.00 in unpaid overtime compensation, based on a time and one-half hourly overtime rate of $30.00 multiplied by the 119.5 overtime hours.

10. Plaintiff informed Defendants that she was owed this overtime compensation, and TALK's Assistant Director at the time, Monica Caponi ("Caponi"), repeatedly acknowledged, in hand written IOUs to Plaintiff, that Plaintiff was owed the extra overtime compensation for the extra overtime hours worked. However, Caponi informed Plaintiff that she would be paid for these extra hours some time later as the company payroll records could only reflect that she was paid for hours worked each work week up to 40. Although Plaintiff repeatedly requested payment for the overtime hours worked, no payment was ever made. Defendants' management thus were fully aware of the fact that Plaintiff had worked 119.5 hours of overtime, that Defendants had a legal obligation to compensate Plaintiff for these overtime hours she worked, and that they intentionally and willfully failed and refused to pay Plaintiff any compensation for the overtime hours worked as required by the FLSA. Defendants' failure to pay Plaintiff any overtime compensation was, therefore, willful and intentional, entitling Plaintiff to recover her

3

all overtime compensation for overtime worked during the three-year period immediately preceding the filing of this lawsuit.

11. While Plaintiff kept and maintained some of her pay and time records, including Caponi's handwritten IOUs, the complete records of the compensation actually paid to Plaintiff are currently in the possession, custody, and control of Defendants. Upon information and belief, however, Defendants have failed to keep and maintain all the required records of hours worked and wages paid per the record-keeping requirements of the FLSA, including failing to keep records of the actual hours that Plaintiff worked on a daily and weekly basis.

12. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

13. Plaintiff has hired the undersigned law firm to represent her in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

14. Plaintiff re-alleges paragraphs 1 through 13 as if set forth fully herein.

15. Under the FLSA, Defendants were obligated to pay Plaintiff time and one-half of her regular hourly pay rate of $20.00 for all hours worked in excess of 40 hours per work week. Plaintiff worked in excess of 40 hours per work week in one or more weeks, and was not paid the extra time and one-half her regular hourly rate for 119.5 hours of overtime work she worked as required by the FLSA.

16. Defendants have failed and refused to pay Plaintiff the required extra time and one-half her regular hourly rate for each work week in which she worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C.

§207(a). Defendants owe Plaintiff a total of $3,585.00 in unpaid overtime, calculated based on a $30.00 per hour overtime rate for 199.5 overtime hours.

17. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to the time and one-half her regular hourly rate – i.e., $30.00 per hour – for 119.5 hours of overtime, for total unpaid overtime due of $3,585.00, plus double that amount in liquidated damages as provided by the FLSA, for total damages due of $7,170.00.

18. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law, as supported by the facts alleged in paragraph 10 above.

19. Plaintiff is entitled to recover her costs, expenses, and reasonable attorney's fees under the FLSA.

20. At all relevant times, Defendants acted willfully in connection with their failure and refusal to pay Plaintiff any overtime she worked from the beginning of November 2013 until her termination on November 14, 2014, entitling Plaintiff to recover her unpaid overtime for a period of three (3) years preceding this filing of this lawsuit and also recover full liquidated damages as provided by the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation incurred during the three (3) year period preceding the filing of this lawsuit;

2. An award to Plaintiff of all unpaid overtime in the amount of $3,585.00 as required under the FLSA,

3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,

4. An award to Plaintiff of all her costs, expenses, and reasonable attorney's fees incurred in this case, and

5. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: October 17, 2016.

>
> RODERICK V. HANNAH, ESQ., P.A.
> Attorneys for Plaintiff
> 8751 W. Broward Blvd., Ste. 303
> Plantation, Florida 33324
> Telephone: (954) 362-3800
> Facsimile: (954) 362-3779
> Email: rhannah@rhannahlaw.com
>
> By  /s/ *Roderick V. Hannah*
>   Roderick V. Hannah
>   Fla. Bar No. 435384